IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/22/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

CARMEN CRUZ RODRIGUEZ,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
SAMUEL OLSON, Field Office Director, ICE;
TODD LYONS, Acting Director, ICE;
MARKWAYNE MULLIN, Secretary, DHS; and
TODD BLANCHE, Attorney General,

Respondents.

Case No. 26-3339-JWL

## MEMORANDUM AND ORDER

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, by which she challenges her detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **denies** the petition.

Petitioner was taken into custody by immigration officials on November 7, 2025; on February 9, 2026, the immigration court ordered petitioner's removal; and petitioner has appealed that order to the Board of Immigration Appeals (BIA), which appeal is fully briefed and remains pending. By Memorandum and Order of September 2, 2026, the Court denied a habeas petition filed by petitioner in a prior action (Case No. 26-3269). Among the claims denied by the Court was petitioner's claim that her mandatory detention under 8 U.S.C. § 1226(c) (which applies to certain criminal aliens) while her BIA appeal is

pending had become unreasonably prolonged in violation of due process. Applying the multi-factor test that it employs for such claims, the Court concluded that the relevant factors, considered together, did not weigh in favor of petitioner, as follows:

> Petitioner has been detained by immigration officials for less than 10 months. While it is unknown when petitioner's appeal will be resolved, the appeal has thus far proceeded fairly expeditiously, and briefing is completed. Petitioner has not shown that the present conditions of her confinement are atypical or particularly harsh. Petitioner has not shown that the Government engaged in misconduct or acted in bad faith to delay the removal proceedings. Finally, petitioner has not shown that she is likely to prevail before the BIA, and thus it is likely that her removal proceedings will result in an order of removal. As a whole, these factors do not weigh against the Government as much as they did in *Nguyen*, in which the Court granted relief, as in that case the petitioner had been detained for nearly 21 months and had prevailed before the immigration judge, with the Government taking the appeal to the BIA. *See id.* at *2-3. Rather, the case presents circumstances similar to those in *Soto Vilchez v. Blanche*, 2026 WL 1978620 (D. Kan. July 9, 2026) (Lungstrum, J.), in which the Court denied relief despite detention lasting more than 19 months. *See id.* at *3.

Petitioner has now filed a new petition (dated September 8, 2026) in which she again asserts, as her sole claim, that her detention under Section 1226(c) without a bond hearing has become unreasonably prolonged in violation of due process. Petitioner has not addressed the Court's reasoning in denying her previous petition; nor has petitioner identified any additional facts relevant to the Court analysis, other than the fact that her detention now exceeds 10 months. Petitioner has still not shown that her detention has become unreasonably prolonged in violation of due process, and therefore, for the same reasons set forth in the prior order, the Court denies the petition.[1]

[1] As the Court noted in its prior order, if the appeal to the BIA drags on for an unreasonable period of time or if other circumstances change to alter the consideration of the applicable factors, petitioner would be free to file a new petition seeking a bond hearing.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 22nd day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge